# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 13, 2013

Lyle W. Cayce
Clerk

No. 12-10220
Summary Calendar

JOSE LOPEZ, individually and on behalf of all others similarly situated;
VICTOR MANUEL AYALA; MIGUEL LLANAS; ANGEL ESTEFES;
MARTIN LONA; JOSE CABRERA,

Plaintiffs-Appellees

v.

GENTER'S DETAILING, INCORPORATED, doing business as Genter's Auto
Detailing Incorporated; ROGER GENTER,

Defendants-Appellants

Appeal from the United States District Court
for the Northern District of Texas
USDC No: 3:09-CV-553

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants Genter's Detailing, Inc. and Roger Genter
(collectively, "Genter") appeal the district court's grant of judgment as a matter
of law to Plaintiffs-Appellees Jose Lopez, Victor Manuel Ayala, Miguel Llanas,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-10220

Angel Estefes, Martin Lona, and Jose Cabrera (collectively, "plaintiffs"). We affirm.

## FACTS AND PROCEEDINGS

Plaintiffs are former employees of Genter's automotive detailing business. Their third amended complaint alleged that Genter violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to compensate them adequately for hours of overtime that they worked. Prior to trial, plaintiffs and Genter stipulated as to the number of total hours worked and overtime hours worked by each plaintiff in each two-week pay period at issue. They also stipulated that each of the plaintiffs' paychecks had shown only a single hourly rate of pay, regardless of the number of hours worked per pay period. At the conclusion of the plaintiffs' case at trial, Genter filed a motion for judgment as a matter of law. At the conclusion of Genter's case, the plaintiffs filed a motion for judgment as a matter of law as well. The district court denied both of these motions. The jury returned a verdict finding that Genter had violated the FLSA with respect to every plaintiff and awarding damages to each in various amounts totaling $8,737.

Both the plaintiffs and Genter then renewed their motions for judgment as a matter of law. Genter argued that the plaintiffs had failed to meet their evidentiary burden, while the plaintiffs argued that the jury had awarded damages that did not accord with facts that were stipulated to by the parties at trial. The plaintiffs contended that appropriate damages were calculable as a matter of law, offered their own compensatory damages calculation of $28,385, and further argued that they were entitled to additional liquidated damages under the FLSA in an amount equal to the compensatory damages award. The district court denied Genter's motion, granted the plaintiffs' motion, and entered a judgment awarding the plaintiffs $56,770 in compensatory and liquidated damages. Subsequently, the district court also awarded the plaintiffs $120,573 in attorneys' fees. Genter appeals, arguing that the district court's orders

2

No. 12-10220

denying its motion for judgment as a matter of law and granting plaintiffs' motion for judgment as a matter of law should be reversed.

## DISCUSSION

"When properly preserved, this court reviews a district court's decision on a motion for judgment as a matter of law *de novo*." *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012). "[O]nly when 'there is no legally sufficient evidentiary basis' will we disturb the jury's verdict." *Id.* (quoting *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039–40 (5th Cir. 2011)).

The FLSA requires employers to limit the workweek of their employees to no more than 40 hours, unless hours in excess of 40 are compensated at a rate "not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207(a)(1). "While the words 'regular rate' are not defined in the Act, they obviously mean the hourly rate actually paid for the normal, non-overtime workweek." *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40 (1944).

Genter stipulated that the plaintiffs' paychecks reflect payment of consistent hourly rates for both regular and overtime hours. Genter argues, though, that these paychecks merely reflect payment of a "blended" hourly rate that combined both regular and overtime rates. Therefore, Genter contends that the plaintiffs actually did receive the overtime pay owed to them under the FLSA, despite their apparently constant hourly rate of pay.

However, Genter's stipulations unequivocally establish that the plaintiffs were paid at the same hourly rates regardless of whether or not they worked overtime during a given pay period. The Supreme Court has held that blended pay schemes that fail to account for the actual number of regular and overtime hours that an employee works are impermissible replacements for traditional overtime pay rates under the FLSA. *See 149 Madison Ave. Corp. v. Asselta*, 331 U.S. 199, 203–09 (1947). Here, plaintiffs were being compensated at their

3

purportedly blended rates "for the normal, non-overtime workweek." *Id.* at 204 (quoting *Walling*, 323 U.S. at 40). As a result, the district court was correct in concluding that these rates necessarily constitute plaintiffs' "regular rates" for the purposes of the FLSA and that appropriate overtime rates would have been one and one-half times these regular rates. We therefore hold that the district court's entry of judgment as a matter of law and its damages award were not in error.

Genter also argues that its motion for judgment as a matter of law should have been granted because the plaintiffs failed to offer legally sufficient evidence that the FLSA was violated in any single workweek, relying instead on biweekly paychecks. A number of FLSA regulations require employers to credit overtime hours on a weekly basis since averaging employees' hours over longer periods of time would allow an employer to reduce overall overtime payments to employees. *See* 29 C.F.R. § 778.104. Genter contends that these regulations, viewed in light of the fact that the plaintiffs' only evidence of hours worked and payments made comes in the form of biweekly paychecks, entitles him to judgment as a matter of law.

This argument is nonsensical. The plaintiffs and the district court calculated overtime as the number of hours over 80 that a given plaintiff worked in a two-week period. Mathematically, the number of overtime hours calculated in this manner could not possibly be higher than the number calculated under a system that measured the hours over 40 that a given plaintiff worked in a one-week period over the course of those two weeks. For example, if a plaintiff worked 110 hours in two weeks, there is no way that he could have worked less than 30 hours of overtime total during that period if the weeks were separated out from one another. The district court's damages award therefore, if anything, likely understates the amount of overtime pay that Genter should have paid plaintiffs in light of § 778.104. There is simply no reason why the biweekly

No. 12-10220

method of accounting used by the plaintiffs as a result of Genter's biweekly payment system entitles Genter to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.